IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NBH BANK, N.A.** f/k/a Bank Midwest NA, Successor by Merger to Hillcrest Bank NA as Successor-in-interest to Hillcrest Bank,<br><br>        Plaintiff,<br><br>v.<br><br>**MARLIN ATLANTIS WHITE, LTD.; JOHN MARLIN; ROSCOE F. WHITE, III; WHITESTONE HOUSTON HOLDINGS, LLC; and WMA WHITESTONE LAND, LP.,**<br><br>        Defendants,<br><br>and<br><br>**MA BB OWEN, L.P.,**<br><br>        Intervenor Plaintiff. | Civil Action No. **3:13-CV-3470-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' (Roscoe F. White, III ("White") and MA BB Owen, L.P. ("BB Owen"), collectively referred to as Defendants)[1] Motion to Remand, filed January 27, 2014. After careful consideration of the motion, brief, response, record and applicable law,[2] the court **denies** Defendants' Motion to Remand.

---

[1] BB Owen is referred to as a "defendant" in Defendants' motion; however, in the caption of the motion and in the caption of Plaintiff's response, BB Owen is referred to as "Intervenor Plaintiff." To avoid confusion in this opinion, the court treats BB Owen as a defendant.

[2] Defendants did not file a reply to Plaintiff's response to their motion to remand.

**Memorandum Opinion and Order – Page 1**

**I.     Background**

Defendants filed the motion to remand because the Federal Deposit Insurance Corporation ("FDIC") has been dismissed and is no longer a party to this action. Defendants contend that the court should exercise its discretion and remand this action to state court because no federal claims remain, rather than exercise its supplemental jurisdiction over the state claims.

Plaintiff NBH Bank, N.A. ("Plaintiff" or "NBH") disagrees and contends that the court has no authority to exercise its discretion and remand the remaining state law claims. The court agrees with NBH.

**II.    Discussion**

In their amended pleadings, White and BB Owen made the following statement regarding federal jurisdiction:

> This Court's jurisdiction was premised upon the joinder of the Federal Deposit Insurance Corporation ("FDIC") as a party to this lawsuit involving state law claims. On August 28, 2013, the FDIC timely removed this case under 12 U.S.C. § 1819(b)(2) and 28 U.S.C. §1442(a)(1). On December 23, 2013, [Defendants] filed a Notice of Voluntary Dismissal of the FDIC without Prejudice under Federal Rule of Civil Procedure 41(a)(1). As a result, the FDIC is no longer a party to this lawsuit; thus no federal question is presented. [Defendants intend] to file a Motion to Remand this case back to state court. The Court's jurisdiction going forward is based upon the Court's exercise of supplemental jurisdiction over the remaining state law claims.

Defs.' Mot. to Remand 3, ¶ 11. Defendants correctly state that the court dismissed the FDIC as a party to this action on December 23, 2013. Defendants rely on 28 U.S.C. § 1367(c)(3) and *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988), which concluded that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." While this is a correct statement of the law insofar as it goes, there is more to the story.

**Memorandum Opinion and Order – Page 2**

Defendants overlook or disregard authority directly on point from the Fifth Circuit. As Defendants acknowledge, the FDIC timely removed this action from state court pursuant to 12 U.S.C. § 1819(b)(2). When the FDIC removes a case pursuant to this statute and is later dismissed as a party, federal jurisdiction continues over all claims in the action, "regardless of their state or federal origin." *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 244-45 (5th Cir. 2009). In other words, once this case was removed by the FDIC pursuant to 12 U.S.C. § 1819(b)(2), the case became "federalized." As federal jurisdiction continues in this case, this court is without authority to remand it to state court. *Id.* at 245 (footnote omitted).

### III.  Conclusion

For the reasons herein stated, this court is without authority to remand this action to state court. Accordingly, the court **denies** Defendants' Motion to Remand.

**It is so ordered** this 28th day of July, 2014.

_____
Sam A. Lindsay
United States District Judge